*Filed Under Seal*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 16-** |
| **v.** | : | **DATE FILED:** |
| **DEVIN MARINO** | : | **VIOLATIONS:** |
| | | 18 U.S.C. §2261A(2)(B) (stalking) – |
| | : | 1 count) |
| | : | **18 U.S.C. § 1030(a)(2) (unauthorized access to a protected computer – 7 counts)** |
| | : | |
| | : | **42 U.S.C. § 1320d-(6)(b)(2) (knowingly obtaining individually identifiable health information – 12 counts)** |
| | : | |
| | : | **42 U.S.C. § 1320d-(6)(b)(2)(3) (knowingly sending identifiable health information -- 1 count)** |
| | : | |
| | : | **18 U.S.C. § 1028(a)(7) (identity theft – 1 count** |
| | : | **Notice of forfeiture** |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES:**

1.      At all times relevant to this Indictment, the defendant, DEVIN MARINO, lived in the Eastern District of Pennsylvania.

2.      From in or about November 2014 up to and including in or about March 2015, the defendant, DEVIN MARINO, was involved in an intimate relationship with WAO, a person whose identity is known to the grand jury.

3.　　　　Beginning on or about March 24, 2015, and continuing up to and including the date of this indictment, defendant DEVIN MARINO engaged in a course of conduct that was designed to harass WAO and to cause substantial emotional distress to WAO, by taking over e-mail accounts belonging to WAO, using WAO's identity to register for online accounts, sending intimate and embarrassing images of WAO to many people, and releasing confidential medical records of WAO to many people.

THE COURSE OF CONDUCT

4.　　　　The course of conduct referred to in Paragraph 3 included, but was not limited to the actions set forth in Paragraphs 5 through 27.

The AOL Account

5.　　　　On or about March 24, 2015, the defendant, DEVIN MARINO, took over an e-mail account belonging to WAO, wowenyale@aol.com and changed the password.

6.　　　　On or about March 26, 2015, using the wowenyale@aol.com e-mail address, defendant DEVIN MARINO sent an e-mail to approximately 25 recipients which had as an attachment a nude photograph of WAO.

7.　　　　On or about November 8, 2015, defendant DEVIN MARINO sent an e-mail from wowenyale@aol.com to an unknown number of recipients, purporting to be from WAO and stating that WAO had HIV.

8.　　　　On or about February 21, 2016, defendant DEVIN MARINO, using the e-mail account wowenyale@aol.com and purporting to be WAO, sent an e-mail to more than 10 recipients, confessing to spreading sexually transmitted diseases while on a trip outside of the United States.

The Yale Club

9.           On or about April 3, 2015, while at his mother's home, in Downingtown, PA, the defendant, DEVIN MARINO, logged into the online account of WAO at the Yale Club in New York, NY and changed WAO's profile information and his photograph.

10.          On or about April 4, 2015, using the e-mail account wowenyale@gmail.com, defendant DEVIN MARINO sent an e-mail to an employee of the Yale Club purporting to be WAO, resigning from the Club, and attaching obscene photographs.

The NCMEC Report

11.          On or about June 6, 2015, the defendant, DEVIN MARINO, sent an anonymous online tip to the National Center for Missing and Exploited Children suggesting that WAO was attempting to have sex with a minor.

LabCorp

12.          On or about December 31, 2015, the defendant, DEVIN MARINO logged into the website of LabCorp and created an online profile for WAO. LabCorp is a medical laboratory that performs blood tests and did, in fact, perform blood tests on blood samples taken from WAO. When creating the online profile, MARINO registered with the e-mail address wowenyale@aol.com.

13.          On or about January 4 and January 5, 2016, defendant DEVIN MARINO accessed the online medical records of WAO at LabCorp.

14.          On   or   about   January   7,   2016,   using   the   e-mail   account lukasciprianixx69@gmail.com, defendant DEVIN MARINO sent medical records of WAO from LabCorp to an unknown number of people.

3

15.         On or about January 12, 2016, defendant DEVIN MARINO accessed the medical records of WAO at LabCorp.

The Walgreens Pharmacy Records

16.         Between on or about December 26, 2015 and on or about January 30, 2016, the defendant, DEVIN MARINO, accessed the computerized records of WAO at Walgreens and obtained WAO's pharmaceutical history.

17.         On or about March 8, 2016, defendant DEVIN MARINO possessed a paper copy of WAO's pharmaceutical history at Walgreens.

FBI Victim Notification System

18.         In or about late December 2015, WAO filed a complaint about defendant DEVIN MARINO's conduct with the Federal Bureau of Investigation.

19.         The United States Department of Justice operates a Victim Notification System (VNS) to keep victims of crimes informed of the progress of their cases.

20.         After WAO filed his complaint, WAO's information was put into the VNS system.

21.         On or about January 13, 2016, defendant, DEVIN MARINO accessed the VNS system and created an online profile for WAO, giving the e-mail address wowenyale@aol.com.

22.         On or about January 19, 2016, defendant DEVIN MARINO caused a person whose identity is known to the grand jury to call the FBI Victim Specialist assigned to WAO's matter to ask questions about a letter that defendant DEVIN MARINO had received from the VNS system.

4

23.        On or about January 19, 2016, defendant DEVIN MARINO changed the e-mail listed in WAO's VNS profile from wowenyale@aol.com to damarino@asu.edu

24.        On or about January 24, 2016, defendant DEVIN MARINO changed the e-mail listed in WAO's VNS profile from damarino@asu.edu to bwatsonmd@outlook.com.

25.        On or about February 10, 2016, defendant DEVIN MARINO logged into the VNS system's account for WAO and opted out of all notifications.

The Virginia Department of Motor Vehicles

26.        At all times relevant to this Indictment, WAO had motor vehicles registered with the Virginia Department of Motor Vehicles (DMV).

27.        On or about March 19, 2016, the defendant, DEVIN MARINO, accessed WAO's account with the Virginia DMV and removed the entries for WAO's motor vehicles.

THE CHARGES

28.        From on or about March 24, 2015 up to and including on or about the date of this Indictment, in the Eastern District of Pennsylvania and elsewhere, defendant

**DEVIN MARINO**

with the intent to harass and intimidate WAO, used interactive computer services, electronic communications services, and electronic communications systems of interstate commerce and facilities of interstate commerce, to engage the course of conduct listed above to cause and attempt to cause, and which he reasonably expected to cause, substantial emotional distress to WAO.

In violation of Title 18, United States Code, Section 2261A

5

## COUNTS TWO THROUGH FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.          Paragraphs 1, 2, and 5 through 10 of Count One are incorporated by reference.

2.          On or about each of the dates listed below, each date constituting a separate count of this Indictment, in the Eastern District of Pennsylvania and elsewhere, defendant

### DEVIN MARINO

intentionally accessed a computer, that is the AOL e-mail account wowenyale@aol.com, without authorization and thereby obtained information from that protected computer. Each unauthorized access was committed in furtherance of the violation charged in Count One of this Indictment:

| COUNT | DATE |
|-------|------|
| TWO | March 24, 2015 |
| THREE | March 26, 2015 |
| FOUR | April 4, 2015 |
| FIVE | November 8, 2015 |

All in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii).

## COUNTS SIX THROUGH EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1.          Paragraphs 1, 2, and 12 through 15 of Count One are incorporated by reference.

2.          On or about each of the dates listed below, each date constituting a separate count of this Indictment, in the Eastern District of Pennsylvania and elsewhere, defendant

### DEVIN MARINO

intentionally accessed a computer belonging to LabCorp in Burlington, NC, in particular the account of WAO, without authorization and thereby obtained information, that is medical laboratory results of WAO, from that protected computer. Each unauthorized access was committed in furtherance of the violation charged in Count One of this Indictment:

| COUNT | DATE |
|-------|------|
| SIX | December 31, 2015 |
| SEVEN | January 4, 2016 |
| EIGHT | January 7, 2016 |

All in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii).

## COUNTS NINE THROUGH ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.          Paragraphs 1, 2, and 12 through 15 of Count One are incorporated by reference.

2.          On or about each of the dates listed below, each date constituting a separate count of this Indictment, in the Eastern District of Pennsylvania and elsewhere, defendant

### DEVIN MARINO

intentionally accessed the account of WAO in the computers of LabCorp, falsely pretending to be WAO and obtained individually identifiable health information relating to WAO, with intent to use these records for malicious harm:

| COUNT | DATE |
|---|---|
| NINE | December 31, 2015 |
| TEN | January 4, 2016 |
| ELEVEN | January 7, 2016 |

All in violation of Title 42, United States Code, Sections 1320d-6(a)(2), 1320d-6(b)(2) and (3)

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.         On   or   about   January   7,   2016,   using   the   e-mail   account
lukasciprianixx69@gmail.com,  in  the  Eastern  District  of  Pennsylvania  and  elsewhere,
defendant

## DEVIN MARINO

knowingly sent a LabCorp blood test report for WAO to more than 50 other people. This report

was individually identifiable health care information of WAO. In doing so, DEVIN MARINO

falsely pretended to be Lukas Cipriani and acted to cause malicious harm.

In violation of Title 42 United States Code, Sections 1320d-6(a)(3) and 1320d-6(b)(2) and (3).

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.          On or about December 26, 2015, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## DEVIN MARINO

knowingly used without lawful authority, the name, date of birth, address, and other identifying information for WAO to create an online account at Walgreens to gain access to WAO's pharmaceutical history, which access was a violation of Title 42, United States Code, Sections 1320d-6(a)(2) and 1320d-6(b)(2) and (3).

In violation of Title 18, United States Code, Section 1028(a)(7).

## COUNTS FOURTEEN THROUGH TWENTY-TWO

**THE GRAND JURY FURTHER CHARGES:**

1.　　　　Paragraphs 1, 2, 16 and 17 of Count One are incorporated by reference.

2.　　　　Between on or about December 26, 2015 and on or about January 30, 2016, each date being listed below and each date constituting a separate count of this indictment, in the Eastern District of Pennsylvania and elsewhere, defendant

### DEVIN MARINO

intentionally accessed the account of WAO in the computers of Walgreens, falsely pretending to be WAO, and obtained individually identifiable health care information relating to WAO, with intent to use these records for malicious harm

| COUNT | DATE |
|---|---|
| FOURTEEN | 12/26/2015 |
| FIFTEEN | 12/29/2015 |
| SIXTEEN | 1/4/2016 |
| SEVENTEEN | 1/6/2016 |
| EIGHTEEN | 1/7/2016 |
| NINETEEN | 1/10/2016 |
| TWENTY | 1/15/2016 |
| TWENTY-ONE | 1/29/2016 |
| TWENTY-TWO | 1/30/2016 |

In violation of Title 42, United States Code, Sections 1320d-6(a)(3) and 1320d-6(b)(2) and (3).

## NOTICE OF FORFEITURE

As a result of the violations of Title 18, United States Code, Section 1030(a)(2), as set forth in this indictment, defendant

## DEVIN MARINO

shall forfeit to the United States of America any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including, but not limited to:

Dell laptop, serial number 2VQH2L1

Dell laptop, serial number 9PYM462

iPhone 6, serial number DNRP9FSGG5MG

Microsoft cell phone, IMEI number 357816062508864

If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Codes, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18 United States Code, Sections 982(a)(2)(B), 1028(h) and 1030(i)(1)(A).

**A TRUE BILL:**

_____

**GRAND JURY FOREPERSON**

**ZANE DAVID MEMEGER**
**United States Attorney**