IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 16-00417 |
| VS. | ) | |
| DEVIN MARINO | ) | DATE FILED |
| | ) | |

**MOTION TO DISSMISS DUE TO VIOLATION OF DUE PROCESS**

Comes now the Defendant, Devin Marino, who declares under penalty of perjury that he has been effectively and unwillingly deprived of his 5th Amendment Right of Due Process since on or about October 4, 2016. This motion which was unaided in its preparation by professional legal counsel, is filed to ensure that his rights are protected.

1. Since the defendant's arrest on October 4, 2016, the defendant has yet to be informed of any dates or deadlines set in this case with the exception of two separate trial dates. The Defendant has requested to be informed, multiple times, of the dates of any deadlines or pretrial hearings. These requests resulted in no information provided to defendant.

2. Defendant Marino, has yet to be informed of any motions or filings involving this criminal case with the exception of the Government's Motion for Pretrial Detention. The defendant has written letters requesting to have motions filed, however has not been informed of any information about whether these motions were filed, or the courts ruling on them.

3. Without the defendant having any access to the case docket or knowledge of any document filed in this case, and for over three months was denied access to any discovery. The government must comply with the fairness requirements of the Due Process Clause during each injunction of a criminal proceeding. (Smith v. Lockhart, 923 F. 2d 1314 [8th Cir, 1991])

4. Pre-trial hearings involving issues related to bail, suppression of evidence, or the viability of prosecution's case, all qualify as critical stages of criminal proceedings. The U.S. Supreme Court has ruled that the denial of counsel during, a critical stage amounts to an unconditional deprivation of a fair trial, warranting the reversal of conviction. (United States v. Cronic, 466 U.S. 648, 104 S. CT. 2039, 80 L. Ed 2d 657 [1984]).

5. Since the Defendant been denied merely access to any information regarding this case, even after several letters and phone calls have been made, in an attempt be informed about matters in this case.

6. The defendant in order to protect his rights request the court to allow access and to be included in all phases of this case. Without knowing whether or not certain issues have already been raised through motions, he demands they be brought up in this motion.

7. In the Government's Motion for Pretrial Detention, Prosecutor Levy refers to the alleged victim as "the victim". This occurs twenty one times in this document. It also occurs three times in his pre drafted detention order. The defendant argues this would be equivalent to referring to the defendant as "the criminal", and that the Prosecutor is acting with prejudice toward the defendant. The defendant requests the court to order the Prosecutor to not refer to the alleged victim as "the victim".

8. Prosecutor Levy decided to act with more prejudice to the defendant when he published a search warrant stating the full name, date of birth, SSN, without a single redaction. This occurs in multiple published documents including Case

2:16-mj-00252 Document 1-1 page 38 Attachment A. This has caused the defendant identity theft problems for the remainder of his life. The defendant would also like to note and perhaps have the court inform the alleged victim that his full name, address, and DOB along with a detailed explanation regarding the alleged victims positive STD test results were also published without a single redaction on page 24 paragraph 49. of this same document. Defendant Marino was informed about this unprofessional malicious act, performed by Prosecutor Levy, from people who wrote letters to the defendant.

9. Defendant Marino inappropriately, though intentionally notes that he personally does not wish for this motion to be granted. However this motion is only about the law and not personal desires.

10. The defendant asks the court to order that law be followed and that the defendant may have a fair chance to defend himself, in part by exposing the misdeed of others.

Signed, _[signature]_  1/9/17

Devin Marino, defendant

Certificate of Service

I hereby certify that I forwarded a true copy of this document to the Courts office, to the United States Attorney's office, and to Counsels office on this day January 9th, 2017

*[signature]*

Devin Marino, Defendant