IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | CRIMINAL NO. 16-417 |
| DEVIN MARINO | : | |

ORDER

  AND NOW, this _____ day of _____, 2017, upon consideration of the motion of the government, the response of the defendant, and after holding a hearing, it is hereby ORDERED that the Order releasing the defendant on bail is REVOKED.

  The Court finds by clear and convincing evidence that the defendant has violated the terms of his release.

  The Court further finds that there is probable cause to believe that the defendant has committed a federal crime while on release, namely he has continued to violate 18 U.S.C. § 22561A.

  The Court further finds that the defendant is unlikely to abide by any condition or combination of conditions of release.

  Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the

defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE GERALD J. PAPPERT
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | CRIMINAL NO. 16-417 |
| DEVIN MARINO | : | |

GOVERNMENT'S MOTION TO REVOKE BAIL

The defendant was indicted on September 29, 2016. He was arrested and had his initial appearance before Magistrate Judge Hey on October 5, 2016. The government moved for pretrial detention. A detention hearing was held on October 6, 2016 and the defendant was released on home incarceration to live with his mother and step-father. Judge Hey placed him on electronic GPS monitoring. He was on 24-hour lockdown and needed Court permission to leave the residence. He was prohibited from using any Internet connected device and from making either direct or indirect contact with the victim. Because the defendant has violated the conditions of his release, the government moves under 18 U.S.C. § 3148 to revoke his release. That section provides in pertinent part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
>
> (1) finds that there is--
>
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
>   (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--

      (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

      (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

NON-COMPLIANCE WITH CONDITIONS OF RELEASE

On November 9, 2016, Pretrial Services noted that the defendant had left his residence and traveled to Philadelphia. He had not obtained permission to do so. Because he turned around and drove directly home, without stopping anywhere in Philadelphia, Pretrial Services requested no court action and the government acquiesced in their decision.

On January 18, 2017, the defendant was permitted to travel to Philadelphia by train to speak to his attorney. According to the review of the GPS monitor by Pretrial Services, he left the Federal Defender office at approximately 5:00 PM. He was supposed to take a train to return home. There were trains leaving to his home at 5:34 PM from Suburban Station and at 5:58 PM from Jefferson Station. The defendant took neither one of them. The GPS monitor showed that he went to the area of 11th St. and Ridge Avenue in Philadelphia and remained there until shortly after 7 PM. (Photos of the area of 11th St. and Ridge Avenue are attached as

2

Exhibit A).[1] At 7:20 PM he went to Suburban Station. Trains were scheduled to leave from Suburban Station at 7:45, 8:25, 8:45, and 9:28 PM. He did not board a train until approximately 9:20 PM. When interviewed by Pretrial Services, the defendant gave no satisfactory explanation for his conduct.

Over the weekend of February 25-26, 2017, the defendant tampered with the strap to which his GPS monitoring device in an apparent effort to separate the strap from the device. Pretrial Service officers visited the defendant on Monday, applied a new device and took the old one. Photographs of the old device are attached, showing the damage to it. (Exh. B).

The defendant was also ordered to have no access to any computers. On January 11, 2017, the defendant filed a pro se motion to dismiss the indictment. Although no one would call it a masterpiece of legal research and writing, it is a fair question to ask how the defendant did his legal research to find the citations that he inserted into the motion.

The government produced the Rule 16 discovery in this case in electronic format to defense counsel at the time, Kathleen Gaughan, Esq., on October 20, 2016. The discovery package included the search warrants that the government had obtained during the investigation. By the end of October, the following appeared on a Google+ page:

---

[1] The area is currently rundown and ripe for redevelopment. There was no valid reason for the defendant to be there. The photos show its condition. There is an elevated freight railroad track visible just to the North and below Callowhill St.



The name of the account is that of a friend of the victim. The language posted is taken directly from Paragraph 30 of the affidavit for the search warrant for the defendant's residence that had been issued in March 2016. By the time of this posting, the search warrant file had been unsealed, but none of the documents were posted electronically. For someone other than the defendant to obtain a copy of the affidavit, that person would have had to go into the Clerk's office in the Courthouse and copy the paper file. The defendant, on the other hand, had an electronic copy.

A subpoena to Google resulted in Google's producing access logs for the account from July 24, 2016, through October 19, 2016 for the rachel.willcocks account. (See Exh. C) Those addresses were assigned to Comcast. A subpoena to Comcast revealed that most of the IP addresses used to log in to this account were Comcast's Wi-Fi hot spots and it was not possible to identify the user who accessed the account from those IP addresses. However, Comcast was

4

able to identify the subscriber who accessed the account on August 15, 2016 as Susan Marino, the defendant's mother. (Exh. D).

This access occurred before the defendant's arrest, but it is significant because it shows the defendant was able to access to the account. When coupled with the content shown above, it is reasonable to infer that he was still accessing the Internet while he was on bail.

## FURTHER STALKING OF THE VICTIM

On Saturday, October 22, 2016 at approximately 5:30 PM, the victim reported to S/A William Toland that he had just missed a call from 215-861-8200, the main number for this United States Attorney's office. No message was left and when he returned the call, he got a recording that the office was closed. Neither the Victim Witness Specialist nor I had called him. We were the only two people in the office who would have any reason to call him and the only ones who would have known his telephone number. In addition, the office system uses a Caller ID block, so that outgoing calls do not display the office number. Even if one takes off the block, the Caller ID number sent is not the one that showed up on the victim's telephone. "Caller ID Spoofing" is simple enough that it merits its own Wikipedia page. https://en.wikipedia.org/wiki/Caller_ID_spoofing. There are websites and telephone apps devoted executing the spoofing, including some for which there is no charge.

On January 25, 2017, the victim received the following letter.



The victim had not attempted to open a Pacer account. He is a man in his sixties; he is not a lawyer. There would be no reason for him to open one. When he called Pacer to find out what this was about, the representative told him that she could not give him any information unless he could answer the two security questions associated with the account. The questions were his date of birth and his father's middle name. The victim answered the questions and the representative then talked to him. Because of the several months' long relationship between the defendant and the victim, the defendant, among a few others, knew these facts.

The government has issued a subpoena Pacer for records relating to these incidents and is waiting for the response. However, even while awaiting that response, there are a number of obvious inferences one can draw from these facts. I have called Pacer and have verified that the only way to open a Pacer account is through the Internet.

It would be unlikely that anyone other than the defendant would have a copy of the search warrant affidavit in this case and so the posting of language from the affidavit on the Internet, on a Google+ page in the name of a friend of the victim is very likely to be the work of the defendant. Only someone with a vendetta against the victim would try to open a Pacer account in his name. This reflects not only a violation of the release term restricting the defendant's access to the Internet, but also a violation of the term to have no direct or indirect contact with the victim.[2]

In addition, there is probable cause to believe that the spoofed telephone and the attempt to open a Pacer account are the work of the defendant. Who else would make a call to the

---

[2] As the attachments to the government's detention motion (Docket No. 5) and a reading of the indictment show, the defendant ignored a similar "no contact" order from the State of Delaware during much of the time period charged in the indictment. The indictment shows good reason to believe that he has no problems flouting such restrictions.

7

victim and make it appear that the United States Attorney's Office was calling him? What rational person would attempt to open a Pacer account in someone else's name without that person's consent? These acts are part of the string of acts, many of which are set forth in the Indictment, which constitute a pattern of activity designed to cause substantial emotional distress to the victim. There is probable cause that the defendant is continuing to violation 18 U.S.C. § 2261A.

This combination of acts disregarding the Court's order and testing how much he can get away with demonstrate that there are no set of conditions that he will abide by. Therefore, the government requests that the Court revoke the order releasing him and remand him to the custody of the United States Marshal.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


*/s/ Michael L. Levy*
MICHAEL L. LEVY
Assistant United States Attorney
Chief, Computer Crimes

CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the government's Motion to Revoke Bail upon the following by filing it with the Court's Electronic Case Filing System:

Stephen J. Britt, Esq.
Donnelly & Associates, P.C.
One W First Avenue, Ste 450
Conshohocken, PA 19428

                */s/ Michael L. Levy*
                MICHAEL L. LEVY

March 1, 2017