IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | CRIMINAL NO. 16-417 |
| DEVIN MARINO | : | |

GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
<u>ON MOTION TO REVOKE BAIL</u>

The government has obtained additional information regarding access to the Pacer system and to the Rachel Willcox Google+ account. The government files this additional memorandum to inform the Court what it has learned since filing its original motion (Document # 35) on March 1, 2017.

I. PACER

On Pages 5-7 of the government's original motion, we set forth the facts about a Pacer account being opened and a letter being sent to the victim. A copy of the letter was inserted into Page 6 of the motion. The government noted that it has issued a subpoena to Pacer for information about that account.  Pacer has replied to a subpoena and has provided information on the account about which the government knew and two other related accounts which were opened in January 2017. The documents provided by Pacer thus far are attached. The Pacer records for the account for which the victim received the letter are attached as Exhibit A. They show that the account was opened on January 20, 2017, and a Downingtown post office box address was given by the registrant. (The PO Box number is the same as that of the victim at his location.)  The letter that Pacer sent to the victim, which was referred to in the government's

original motion, was dated January 23, 2017. A Visa credit card was used to pay the fee. The registration e-mail address was greenisgood4usall@gmail.com. Pacer assigned account number 5118111 to this account. (Pacer records for the other accounts all list this account number as a linked account.) Pacer did not have the registration IP address or the credit card information readily available, but it is searching for that information and should have a supplemental response in a few weeks.

In addition to this account, two other accounts were created. The first using a name of "Rhonda Devault" was created on January 2, 2017. The government is not aware of the significance of the name, but does note that Devault is an unincorporated community in Charlestown Township, PA, about 20-25 minutes' drive from where the defendant was residing. A Visa credit card was given to pay for opening the account. The final four digits on this credit were the same as the one used to open the account described above. The name given with the credit card was "Smith Corona." The street address was just 10 different from the defendant's residence – according to Google Maps, that is just 5 residences away. By being off by 10, the registrant probably gambled that it was close enough to the address to which the card was billed that the credit card company would think that the number was a typographical error and approve the transaction. (The records for this account are attached as Exhibit B).

On January 26, 2017 an account was opened using the name "Derek Mureeno." The registration e-mail address was greenisgood4usall@gmail.com, the same one used to register the account with the victim's address. No credit card information is recorded, but there is a note in the record not to activate the account. (The records for this account are attached as Exhibit C).

These records provide further evidence that the defendant used a computer and accessed the Internet while on bail, in direct violation of the terms of his release.

II.   GOOGLE+ ACCOUNT

On Pages 3-5 of the original motion, we discussed the posting on a Google+ account in the name of a friend of the victim, of language from the affidavit for the search warrant for the defendant's residence. The original motion showed that on August 15, 2016, there was an access to this Google+ account from the IP address assigned to the defendant's parents by their provider, Comcast. There were other accesses to the account from IP addresses belonging to Comcast, but as of the filing, the government only knew that they were Xfinity Wi-Fi hotspots and little more could be said about who had used the account. Since then, we have been able to obtain more information. While this information is not proof positive that the defendant accessed the account to post the language from the search warrant after his arrest, it is further proof that leads to the inference that he did.

The Google records for this account show a log in, from IP address 73.81.116.77, on October 1, 2016 (a few days before the defendant was arrested). (Attachment D). That IP address is assigned to a Comcast Xfinity Wi-Fi hotspot.[1] Comcast assigned that IP address with ports 40624 -- 41023 to the residence of the defendant's parents.[2] (Attachment E). That

---

[1] Comcast has two types of hotspots. The first are in public venues, such as train stations and public buildings. The second type is part of the Comcast routers installed in the homes of Comcast customers. These routers have a private side, which only the subscriber can use (unless s/he gives out the password). They also have a public side. Any Comcast customer can log into the public side of the router by providing his own Comcast username and password.

[2] "Ports" are part of an internal addressing protocol, used by any service that allows multiple users to share an IP address. In a computer home network, multiple devices in the home can share the external IP address. The router keeps track of all the devices (computers, cell phones, tablets, etc.) by assigning them what the router calls an "internal IP address." Xfinity hotspots (and cell phone networks) use a similar technology, but call the internal addresses "ports."

same IP addresses with different port numbers may have been assigned to a different hotspot. Thus, one cannot say with 100% certainty that the defendant accessed the Google+ account from 73.81.116.77, on October 1, 2016. Nevertheless, in addition to the improbability that anyone other than the defendant had posted the excerpt from the affidavit for the search warrant for his residence to this Google+ account later October, there is the additional improbability that someone else would have accessed the Google+ account on October 1, 2016, from IP address 73.81.116.77 at the time when that IP address was assigned to the residence of the defendant's parents.

If the court agrees with the government's inference regarding the defendant's access to the Google+ account, one may also infer that on October 1, 2016, the defendant knew how to access the public side of his parents' Comcast router. Because it is not often possible to tie a Comcast IP address assigned to a hotspot to a particular account, the defendant's ability to do this, even before his arrest, makes it more likely that other suspicious Internet activities that were done from Comcast Xfinity Wi-Fi hotspots are also attributable to him.

### III.  CONCLUSION

For the reasons set forth in the government's original motion, combined with the additional evidence provided here, the government submits there is clear and convincing evidence that the defendant has violated the terms of his release and that there is probable cause to believe that the defendant has committed a federal crime while on release, namely 18

U.S.C. § 2261A. For these reasons, the government requests that the Court revoke the defendant's bail.

        Respectfully submitted,

        LOUIS D. LAPPEN
        Acting United States Attorney


        */s/ Michael L. Levy*
        MICHAEL L. LEVY
        Assistant United States Attorney
        Chief, Computer Crimes

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the government's Motion to Revoke Bail upon the following by filing it with the Court's Electronic Case Filing System:

Stephen J. Britt, Esq.
Donnelly & Associates, P.C.
One W First Avenue, Ste 450
Conshohocken, PA 19428

/s/ Michael L. Levy
MICHAEL L. LEVY

March 9, 2017