IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA    :
                            :
        v.                  :  No. 2:16-cr-00417-GJP
                            :
DEVIN MARINO                :
                            :
                            :
```

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
MOTIONS *IN LIMINE*: DOCKET NOS. 55,56,& 57

The defense responds herewith to the following government motions: [I] Motion to Exclude Defense of Justification (docket item 55); [II] Rule 803(6) motion relating to certain business records (docket item 56); and [III] Motion for a Protective Order (docket item 57).

I. *Motion to Exclude Defense of Justification*

This motion is more properly captioned a motion to preclude the introduction of evidence relating to the defense of justification; courts rarely foreclose an entire defense on the door-sill ("limen"), on nothing more than the prosecutor's proffer about how the case may

-1-

unfold. In this instance, the preclusion sought by this motion is speculative, overbroad, and premature.

This Court has inherent authority to manage its trials; see <u>Luce v. United States</u>, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 n. 4, 83 L.Ed.2d 443 (1984). That authority includes the power to bar out evidence which is inadmissible, irrelevant, or confusing; the goal is to "narrow the evidentiary issues" and to "eliminate unnecessary trial interruptions;" <u>Bradley v. Pittsburgh Bd. of Educ.</u>, 913 F.2d 1064, 1069 (3d Cir. 1990).

It is axiomatic that evidence to be barred *in limine* must be inadmissible on all conceivable grounds. <u>Leonard v. Stemtech Health Sciences, Inc.</u>, 981 F.Supp.2d 273, 276 (D. Del. 2013). Just now the defense does not have a crystal ball available; at 18 days before trial, the defense has no idea what the government witnesses will say, or what they have said before. It follows that it is not clear what evidence or testimony will be offered by the defense in rebuttal. Since non-specified

evidence by definition could be pertinent to more than one defense theory, it is error to bar out the testimony on the threshold, absent a showing by the prosecutor that there is no conceivable basis for the evidence save an impermissible one.[1] The burden is on the government to establish that <u>any</u> evidence supporting a "justification" defense would also be inadmissible on any other ground; see <u>Stemtech</u>, 981 F.Supp. at 275.[2]

This Court may revisit the issue of admissibility of any defense evidence as the trial unfolds. <u>See</u> <u>Luce</u>, *supra*, 469 U.S. at 41 (trial court's ruling on a motion *in limine* is "subject to change when the case unfolds, particularly if actual testimony

---

[1] For example, the defense has evidence that the victim in the case solicited sex with a 17 year old male, and that the victim knew that the male was that age. The evidence is not admissible under Fed.R.Evid. 806(b), but conceivably could be admissible for another purpose, such as the defendant's mental state.

[2] <u>And see</u> <u>Plair v. E.J. Brach & Sons, Inc.</u>, 864 F.Supp. 67, 68 (N.D. Ill. 1994) (burden is on movant to show that challenged evidence is not admissible on any ground).

differs from what was contained in the movant's proffer"). In the absence of a more detailed showing by the prosecution, any all-encompassing bar of testimony which has not yet been heard, or of evidence not yet offered, is premature. This motion should be denied.

II. *Motion in Limine for a Determination that Records Qualify as Business Records Under Federal Rule of Evidence 803(6)* (Docket item No. 56)

This motion is unopposed.

III. *Motion for Protective Order* (Docket item 57)

The prosecutor and defense counsel have reached an agreement that (a) the defense will provide a data disk containing all discovery materials to counsel for the Federal Detention Center (FDC); and (b) Mr. Marino will have "reasonable" access to the disk(s) for his planning.

Marisa Nash Esq., the attorney for the FDC, has notified counsel that she will receive and manage the disk.

This compromise comports with an accepted standard for the so-called "protective" orders in this district. Accordingly, the government's motion for a protective order is unopposed.

Respectfully submitted,

_____
STEPHEN J. BRITT
Attorney ID No. PA52573
P.O. Box 1746
Blue Bell PA 19422-0476
(610) 608-3495
sjbritt@comcast.net

## *Certificate of Service*

I certify hereby that on the 1st Day of May 2017, I served or caused to be served a copy of the foregoing Defendant's Responses to Motions *In Limine* (docket items 55, 56, and 57), addressed to:

>Michael L. Levy Esq.
>United States Attorney's Office
>615 Chestnut Street
>Philadelphia, Pennsylvania 19106-4476

by e-mail to mike.levy @usdoj.gov, and by making a copy available for review and downloading on the Electronic Case Filing system, pursuant to ¶ 7(b) the electronic case filing rules (Procedural Rules, Appendix A) of the U.S. District Court for the Eastern District of Pennsylvania.

/ sb-7019 /

_____
STEPHEN J. BRITT
P.O. Box 1746
Blue Bell, Pennsylvania 19422-0467
610/608-3495
ECF  sjbritt@comcast.net

Attorney *pro def.*